OPINION
{¶ 1} Appellant-Mother Brandle Mckinney-Butcher appeals the decision of the Tuscarawas County Court of Common Pleas, Juvenile Division, granting temporary custody of Izaiah and Malicci Butcher to the Tuscarawas County Department of Job and Family Services.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 25, 2004, Izaiah Butcher, who was at that time nineteen (19) days old, was taken to his primary care physician by his mother, Brandle McKinney-Butcher. This physician noticed unusual bruising and/or red marks around the child's chest and arms and referred Izaiah for further examination to Children's Hospital of Akron where he was seen by Dr. Richard Steiner. Based upon Dr. Steiner's evaluation, he determined that Izaiah suffered from abusive grab marks.
 {¶ 3} On December 7, 2004, appellee, the Tuscarawas County Department of Job and Family Services (TCJFS), filed a complaint for temporary custody of Izaiah Butcher (d.o.b. 11/5/04) and Malicci Butcher (d.o.b. 3/27/00), alleging the children to be abused, dependent and neglected. The father is appellant, Gary Butcher.
 {¶ 4} A shelter care hearing was held on December 6, 2004, and the children were placed in the temporary custody of Appellee Tuscarawas County Job Family Services.
 {¶ 5} An initial hearing was held on December 22, 2004.
 {¶ 6} On February 3, 2005, an adjudication hearing was held on TCJFS' complaint.
 {¶ 7} On February 11, 1005, the Magistrate issued her decision finding Izaiah to be an abused child pursuant to R.C.2151.031(B) and (C) and Malicci to be dependant pursuant to R.C.2151.04(D). Neither child was found to be neglected.
 {¶ 8} Both parents filed objections to the adjudication.
 {¶ 9} The trial court adopted the Magistrate's decision pending the hearing on the objections.
 {¶ 10} On March 3, 2005, a dispositional hearing was held with a case plan proposed by TCJFS being adopted by the trial court and the children being maintained in the temporary custody of TCJFS.
 {¶ 11} On March 4, 2005, the parents filed objections to this decision.
 {¶ 12} On April 26, 2005, the trial court heard the objections and by entry filed April 27, 2005, overruled same.
 {¶ 13} Appellant-Mother filed an appeal and this matter is now before this court for consideration. The sole assignments of error is as follows:
 ASSIGNMENTS OF ERROR {¶ 14} "I. The finding of abuse and dependency by the trial court was supported by insufficient evidence and against the manifest weight of the evidence."
 I. {¶ 15} In her sole assignment of error, Appellant-Mother argues that the trial court's finding of abuse as to Izaiah and dependency as to Malicci was against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 16} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment.Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978),54 Ohio St.2d 279, syllabus.
 {¶ 17} In the case sub judice, the trial court found Izaiah to be an "abused child" pursuant to R.C. 2151.031(B) and (C) and Malicci to be a "dependent child" pursuant to R.C. 2151.04(D).
 {¶ 18} Pursuant to R.C 2151.031(B) and (C), an "abused child" includes any child who:
 {¶ 19} "(A) * * *
 {¶ 20} "(B) Is endangered as defined in section 2919.22 of the Revised Code, except that the court need not find that any person has been convicted under that section in order to find that the child is an abused child;
 {¶ 21} "(C) Exhibits evidence of any physical or mental injury or death, inflicted other than by accidental means, or an injury or death which is at variance with the history given of it. Except as provided in division (D) of this section, a child exhibiting evidence of corporal punishment or other physical disciplinary measure by a parent, guardian, custodian, person having custody or control, or person in loco parentis of a child is not an abused child under this division if the measure is not prohibited under section 2919.22 of the Revised Code."
 {¶ 22} Pursuant to R.C. 2151.04(D), a "dependent child" is any child:
 {¶ 23} "(D) To whom both of the following apply:
 {¶ 24} "(1) The child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child.
 {¶ 25} "(2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household."
 {¶ 26} A finding of abuse or dependency must be supported by clear and convincing evidence. R.C. 2151.35(A). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 27} Appellant argues neither of these findings by the trial court, was established by clear and convincing evidence. The Ohio Supreme Court defined the term "clear and convincing evidence," in Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus, as follows:
 {¶ 28} "[T]hat measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."
 {¶ 29} Upon review of the record in this matter, we conclude the trial court's finding that Izaiah and Malicci were abused and dependent, respectively, is supported by clear and convincing evidence.
 {¶ 30} Appellee filed for temporary custody of Izaiah immediately after**, alleging him to be an abused child based upon two issues:
 {¶ 31} "(1) the child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an adjudication that a sibling fo (sic) the child or any other child who resides in the household is an abused, neglected or dependent child, AND
 {¶ 32} "(2) because of the circumstances surrounding the abuse, neglect or dependency of the sibling or other child and other conditions in the household or the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household." See, Complaint filed August 26, 2004.
 {¶ 33} After hearings and objections, the trial court approved and adopted the magistrate's recommendations based upon the testimony of Dr. Steiner who was examined Izaiah and opined that Izaiah's injuries were caused by abuse, the testimony of Jaime Grunder, an investigator with the protective unit, who stated that the mother admitted that she may have bruised Izaiah, and the recommendation of the guardian ad litem.
 {¶ 34} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact.State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 35} Based upon this evidence, we conclude the trial court's decision finding the minor children to be abused and dependent was not against the manifest weight of the evidence as said decision is supported by clear and convincing evidence
 {¶ 36} Appellant-Mother's sole Assignment of Error is denied.
 {¶ 37} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Court Division is hereby affirmed.
Boggins, P.J. Farmer, J., and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Court Division is affirmed.